UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAVON BOATWRIGHT,

                            Plaintiff,

                                                                         DECISION AND ORDER

                                                                         09-CV-6305L

       v.

DOCTOR CANFIELD,
SUPERINTENDENT DAVID F. NAPOLI,

                            Defendants.
_____

       Plaintiff, Javon Boatwright, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights were violated in certain respects in 2008 and 2009, when plaintiff was confined at Southport Correctional Facility.

       Plaintiff has sued two defendants, Wesley Canfield, M.D. and David Napoli, who at all relevant times were respectively the Health Services Director at Southport and the Superintendent of Southport. Defendants have moved for summary judgment. For the reasons that follow, defendants' motion is granted.

# DISCUSSION

**I. Eighth Amendment Claims: General Principles**

The gist of plaintiff's claims in this case is that defendants have denied him adequate medical care, in violation of plaintiff's rights under the Eighth Amendment to the United States Constitution. To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The Second Circuit has stated that a medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)). *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'") (quoting *Chance*, 143 F.3d at 702). Among the relevant factors for determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702 (internal quotation marks omitted).

As to the "deliberate indifference" component, the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), that this standard includes both an objective and a subjective component. With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective element, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See id.* at 299; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir. 1992).

The Court in *Estelle* also cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of malpractice alone do not state a constitutional claim. *Id.* at 106 n.14; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F.Supp. at 44.

Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at

703; *see also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion").

**II. Application to this Case**

Applying these principles to the case at bar, I find that defendants are entitled to summary judgment. At most, plaintiff's allegations indicate that he disagrees with the treatment that has been provided to him. That does not give rise to an Eighth Amendment claim.

Plaintiff alleges that "at some point during his incarceration," he swallowed a "scalpel," which he describes as "a metal object used by carpenters to cut rugs ... ." Complaint at 1. He alleges that he continues to suffer pain and other adverse effects resulting from his having swallowed the "scalpel," and he insists that he should be given a "full body x-ray" because he is "sure" that fragments of the scalpel remain inside his body.

The undisputed evidence, however, establishes that abdominal x-rays and other diagnostic tests have been administered in response to plaintiff's complaints of various symptoms, that none of those tests indicated the presence of any foreign objects inside plaintiff's body, and that plaintiffs has been treated in response to his complaints. *See* Dkt. #7 Ex. 1. Defendants have also submitted evidence, including a declaration of Dr. Canfield, that contrary to plaintiff's belief, the symptoms of which he complains could not be the result of metal fragments migrating throughout his body.

At most, then, plaintiff has shown only his personal dissatisfaction, and disagreement, with Dr. Canfield's diagnosis and with the care that he has received. That does not give rise to an Eighth Amendment claim. *See, e.g., Goodson v. Willard Drug Treatment Campus*, 615 F.Supp.2d 100, 101-

02 (W.D.N.Y. 2009); *Sandlin v. Poole*, 575 F.Supp.2d 484, 490 (W.D.N.Y. 2008); *Anderson v. Burge*, 539 F.Supp.2d 684, 687-88 (W.D.N.Y. 2008).

Defendants' motion for summary judgment (Dkt. #5) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 27, 2010.